## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES WESTON,** | Civ. No. 2:14-cv-00062 (WJM) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **PASSAIC COUNTY, and the OFFICE OF THE PASSAIC COUNTY SHERIFF, and RICHARD H. BERDNIK, in his professional and personal capacity, jointly and severally,** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is a retaliation case. Plaintiff James Weston, a Sheriff's Officer in the Office of the Passaic County Sheriff, alleges that he was passed over for promotion because of his political activities. Defendants Passaic County (the "County"), the Office of the Passaic County Sheriff (the "Sheriff's Office"), and Passaic County Sheriff Richard Berdnik (in his official and personal capacity) move to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motions to dismiss are **GRANTED IN PART**, and **DENIED IN PART**.

## I.    BACKGROUND

The Complaint makes the factual allegations, which the Court accepts as true for purposes of the instant motion to dismiss. Since May 2002, Weston has served as a Sheriff's Officer in the Passaic County Sheriff's Office. Compl. ¶ 1, ECF No. 1. In 2010, Weston was the President of the Passaic County Sheriff's Officers Local 286 of the Patrolmen's Benevolent Association ("the Local"). *Id.* ¶ 8. During a Local meeting held on October 11, 2010, a motion was made to endorse two Republican candidates for the position of Passaic County Freeholder. *Id.* Weston explained the "upsides and downsides" of endorsing Republican candidates, including Felix Garcia, who was running for Passaic County Sheriff against the Democratic candidate, Richard Berdnik. *Id.* ¶¶ 10-11, 13. The Local's membership decided to support the Republican Freeholder candidates, but their endorsement was never formalized. *Id.* ¶ 15.

After the October 11, 2010 meeting, Acting Passaic County Sheriff Charles S. Meyes sent the following email to Weston:

> You guys endorsed Garcia??  Wtf????  Berdnik and Garcia are both PBA members!  How are you going to pitch a case for promotion if/when Berdnik wins??

*Id.* ¶ 17.  Berdnik went on to win the 2010 race for Passaic County Sheriff.  *Id.* ¶ 19.

From October 2010 through September 2012, Weston was number two on a list of three officers on the Civil Service Sheriff's Officer eligibility list (the "List").  *Id.* ¶ 21.  Pursuant to the "Rule of Three," the any of these three people could have been promoted within the Sheriff's Office.  *Id.* ¶ 22 (citing N.J.A.C. 11A:4-8).  Sheriff Berdnik chose not to promote any of the three people on the List, even though the department needed the position filled.  *Id.* ¶¶ 22, 35-36.  Rather, Sheriff Berdnik waited until the List expired so that he would not have to promote Weston.  *Id.* ¶ 36.  After the List expired, Sheriff Berdnik was given a new List with new names, and he proceeded to promote individuals whose names were included on that new List.  *Id.* ¶ 39.

On January 23, 2012, Weston was transferred from the Detective Bureau to probation, and his pay was decreased.  *Id.* ¶ 24.  Also in January 2012, Weston lost his ability to train with the SWAT team and to teach firearm classes.  *Id.* ¶¶ 32-33.  In June 2012, Weston was removed from the Tactical Pistol Course and Armorer's Course, even though others were allowed to attend.  *Id.* ¶ 34.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

A Complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility."  *Id.*

## III.   DISCUSSION

Count I is a claim brought pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that Weston was retaliated against because of his political activities.  Count II is a claim for negligent infliction of emotional distress.  Count III is a claim for a hostile work environment.  Count IV is a claim for civil conspiracy.  Defendants move to dismiss Count I.  The parties have stipulated that Counts II-IV will be dismissed with prejudice.

### A.   Count I

Count I is a Section 1983 claim alleging retaliation by Sheriff Berdnik (in his personal and official capacity), the County, and the Sheriff's Office.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.  "Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law."  *King v. Christie*, No. 13-3433, 2014 WL 1669865, at *2 (D.N.J. Apr. 25, 2014).  Accordingly, the Court begins by asking whether Weston's Constitutional rights were violated.  After answering that question in the affirmative, the Court then asks whether Weston has pled a violation of his Constitutional rights by Sheriff Berdnik, the County, and/or the Sheriff's Office.

#### 1.   The Complaint Alleges a Violation of Weston's First Amendment Rights.

Weston has pled that he was retaliated against in violation of his First Amendment rights.[1]

To bring a First Amendment retaliation claim under Section 1983, a plaintiff must allege "(1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action."  *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).  To plead the necessary causal connection, a plaintiff generally must allege "(1) an unusually

---

[1]   Weston also alleges a violation of his due process rights.  Because the parties only address the First Amendment violation, the Court will do the same.

suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Id.* However, "[i]n the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation." *Id.* (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).

Defendants argue that Weston fails to allege causation. Defendants are incorrect. Weston alleges that the Acting Passaic County Sheriff warned him that he would not be promoted if Berdnik won the Sheriff's race. Weston alleges that after Berdnik won the Sheriff's race, neither Weston nor anyone else on the List were promoted—even though the Sheriff's Office needed the position filled. Weston also alleges that when the List expired, Sheriff Berdnik proceeded to promote others to the position Weston wanted. Discovery might establish that Sheriff Berdnik had good reasons for not promoting Weston, and discovery might establish that Sheriff Berdnik's actions had nothing to do with Weston's political advocacy. At this juncture, however, the Court is obligated to make all reasonable inferences in Weston's favor. Accordingly, the Court finds that Weston has sufficiently pled that he was retaliated against as a result of protected activity, in violation of his Constitutional rights.

> 2. The Complaint States a Section 1983 Claim Against Sheriff Berdnik In His Personal Capacity, But Not in His Official Capacity.

To establish that Sheriff Berdnik is liable under Section 1983 in his personal capacity, Weston must allege that Sheriff Berdnik had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* Making all reasonable inferences in favor of Weston, the Complaint alleges that Sheriff Berdnik was personally involved in the alleged retaliation here. Accordingly, to the extent Count I is brought against Sheriff Berdnik in his personal capacity, the Court will **DENY** Sheriff Berdnik's motion to dismiss. However, to the extent Count I is brought against Sheriff Berdnik in his official capacity, it is redundant of the claims seeking to impose municipal liability, and it will be **DISMISSED WITH PREJUDICE**. *See Congregation Kol Ami v. Abington Twp.*, No. 1-1919, 2004 WL 1837037, at *19 (E.D. Pa. Aug. 17, 2004) ("Because the Township is already a named party, the suit against [defendant] in his official capacity is wholly redundant and the Court will dismiss him as a Defendant.").

3.      The Complaint Does Not State a Section 1983 Claim Against
the County or the Sheriff's Office.

Weston has not stated a Section 1983 claim against the County or the Sheriff's Office.[2]

Under *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1971), a municipality is subject to liability under Section 1983 based on a municipal policy or custom.  A custom is an act "that has not been formally approved by an appropriate decisionmaker," but is nevertheless "so widespread as to have the force of law." *Bd. of Cnty. Comm's of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).  As for a municipal policy, "[a]n individual's conduct implements official policy or practice under several types of circumstances, including when (1) the individual acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, (2) the individual himself has final policy-making authority such that his conduct represents official policy, or (3) a final policy-maker renders the individual's conduct official for liability purposes by having delegated to him authority to act or speak for the government, or by ratifying the conduct or speech after it has occurred." *Hill v. Borough of Kutztown,* 455 F.3d 225, 245 (3d Cir. 2006).  "In order to ascertain if an official has final policy-making authority, and can thus bind the municipality by his conduct, a court must determine (1) whether, as a matter of state law, the official is responsible for making policy *in the particular area* of municipal business in question, and (2) whether the official's authority to make policy in that area is *final and unreviewable*."  *Id.* (internal citations omitted) (emphasis in original).

The Complaint has failed to allege municipal liability under Section 1983.  First, there are no non-conclusory allegations of a custom of retaliation based on political advocacy.  Indeed, the Complaint makes no non-conclusory allegations that similar acts of retaliation have ever occurred in the County or the Sheriff's Office.  Second, there are no allegations of a policy of retaliation.  To begin with, there are no allegations of a formal government policy of retaliation.  Next, there are no allegations that Weston was retaliated against by someone with final policymaking authority when it came to Weston's employment.  While Weston contends that he was retaliated against by Sheriff Berdnik, Sheriff Berdnik was not a final policymaker with respect to Weston's employment because Sheriff Berdnik's employment decisions were not final and unreviewable.  Indeed, Weston concedes that Sheriff Berdnik's employment decisions were subject to review by the New Jersey Civil Service Commission.  *See* Opp. Br. at 16, ECF No. 16.  On similar facts, Courts have refused to recognize municipal liability under Section 1983.  *See Scala v. City of Winter Park*, 116 F.3d 1396, 1402-03 (11th Cir. 1997) (city manager did not have final policymaking authority where termination decisions

___

[2]      Weston argues that the Sheriff's Office is not a proper defendant under Section 1983. Because the Court will resolve the motion to dismiss on other grounds, the Court need not reach this question.

were subject to review by civil service board); *see also Crockett v. Shields*, 8 Fed. Appx. 604, 1 (9th Cir. 2001) (unpublished) (holding that sheriff was not a final policymaker with respect to personnel administration where personnel decisions were reviewable by civil service commission); *cf. Jeffes v. Barnes*, 208 F.3d 49, 60 (2d Cir. 2000) (noting in dicta that the Court "could agree" that complaints of improper discipline by county sheriff would not support a claim for municipal liability where sheriff's decisions were subject to civil service review). Accordingly, the Court will **DISMISS** Count I against the County and the Sheriff's Office **WITH PREJUDICE**.

      **B.**    **Counts II-IV**

Count II is a claim for negligent infliction of emotional distress. Count III is a claim for a hostile work environment. Count IV is a claim for civil conspiracy. Pursuant to stipulation, ECF No. 15, Counts II-IV are **DISMISSED WITH PREJUDICE**.

**IV.**    **CONCLUSION**

For the foregoing reasons, the motion to dismiss is **GRANTED IN PART**, and **DENIED IN PART**. Counts I is **DISMISSED WITH PREJUDICE** against Passaic County, the Passaic County Sheriff's Office, and Sheriff Berdnik (in his official capacity only). Counts II-IV are **DISMISSED WITH PREJUDICE**. Count I survives against Sheriff Berdnik to the extent it is brought against Sheriff Berdnik in his personal capacity. An appropriate order follows.

        /s/ William J. Martini
        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 20, 2014**