UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES WESTON,**<br><br>   **Plaintiff,**<br><br>  v.<br><br>**PASSAIC COUNTY, and the OFFICE OF THE PASSAIC COUNTY SHERIFF, and RICHARD H. BERDNIK, in his professional and personal capacity, jointly and severally,**<br><br>   **Defendants.** | Civ. No. 2:14-cv-00062 (WJM)<br><br>**OPINION** |

**<u>WILLIAM J. MARTINI, U.S.D.J.</u>:**

  On May 20, 2014, the Court denied in part Defendant Passaic County Sheriff Richard Berdnik's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Sheriff Berdnik now moves for reconsideration of the Court's May 20, 2014 decision pursuant to Local Civil Rule 7.1(i). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion is **DENIED**.

  On January 6, 2014, Plaintiff James Weston filed a Complaint seeking, *inter alia*, to impose liability on Sheriff Berdnik and others pursuant to 42 U.S.C. § 1983 ("Section 1983"). In its May 20, 2014 opinion, the Court set forth the relevant factual allegations:

> Since May 2002, Weston has served as a Sheriff's Officer in the Passaic County Sheriff's Office. Compl. ¶ 1, ECF No. 1. In 2010, Weston was the President of the Passaic County Sheriff's Officers Local 286 of the Patrolmen's Benevolent Association ("the Local"). *Id.* ¶ 8. During a Local meeting held on October 11, 2010, a motion was made to endorse two Republican candidates for the position of Passaic County Freeholder. *Id.* Weston explained the "upsides and downsides" of endorsing Republican candidates, including Felix Garcia, who was running for Passaic County Sheriff against the Democratic candidate, Richard Berdnik. *Id.* ¶¶ 10-11, 13. The Local's membership decided to support the Republican Freeholder candidates, but their endorsement was never formalized. *Id.* ¶ 15.
>
> After the October 11, 2010 meeting, Acting Passaic County Sheriff Charles S. Meyes sent the following email to Weston:

> You guys endorsed Garcia??  Wtf????  Berdnik and Garcia are both PBA members!  How are you going to pitch a case for promotion if/when Berdnik wins??

*Id.* ¶ 17.  Berdnik went on to win the 2010 race for Passaic County Sheriff. *Id.* ¶ 19.

From October 2010 through September 2012, Weston was number two on a list of three officers on the Civil Service Sheriff's Officer eligibility list (the "List").  *Id.* ¶ 21.  Pursuant to the "Rule of Three," the any of these three people could have been promoted within the Sheriff's Office.  *Id.* ¶ 22 (citing N.J.A.C. 11A:4-8).  Sheriff Berdnik chose not to promote any of the three people on the List, even though the department needed the position filled.  *Id.* ¶¶ 22, 35-36.  Rather, Sheriff Berdnik waited until the List expired so that he would not have to promote Weston.  *Id.* ¶ 36.  After the List expired, Sheriff Berdnik was given a new List with new names, and he proceeded to promote individuals whose names were included on that new List.  *Id.* ¶ 39.

On January 23, 2012, Weston was transferred from the Detective Bureau to probation, and his pay was decreased.  *Id.* ¶ 24.  Also in January 2012, Weston lost his ability to train with the SWAT team and to teach firearm classes.  *Id.* ¶¶ 32-33.  In June 2012, Weston was removed from the Tactical Pistol Course and Armorer's Course, even though others were allowed to attend.  *Id.* ¶ 34.

*Weston v. Passaic County*, No. 14-62, 2014 WL 2094095, at *1 (D.N.J. May 20, 2014).

On April 4, 2014, Sheriff Berdnik (as well as the other Defendants named in the Complaint) moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 11.  On May 20, 2014, the Court dismissed the Section 1983 claims against Sheriff Berdnik in his official capacity but not in his personal capacity.  The Court explained:

> To establish that Sheriff Berdnik is liable under Section 1983 in his personal capacity, Weston must allege that Sheriff Berdnik had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*  "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*  Making all reasonable inferences in favor of Weston, the Complaint alleges that Sheriff Berdnik was personally involved in the alleged retaliation here.

*Weston*, 2014 WL 2094095 at *3.

On June 2, 2014, Sheriff Berdnik moved for reconsideration. ECF No. 20. On June 23, 2014, Weston filed his opposition. ECF No. 21. On June 25, 2014, Sheriff Berdnik filed his reply. ECF No. 22. Weston argues that Sheriff Berdnik's reply brief should not be considered because it was not filed with leave of the Court. Local Civil Rule 7.1(d)(3). Since the reply brief does not affect the outcome of this motion, the Court will consider it.

Motions for reconsideration filed in the District of New Jersey are governed by Local Rule 7.1(i) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure. *Byrne v. Calastro*, No. 5-68, 2006 WL 2506722, at *1 (D.N.J. Aug. 28, 2006). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Under Local Rule 7.1(i), a motion for reconsideration may be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Local Rule 7.1(i) does not permit a Court to rethink its previous decision; instead, the rule permits a reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked. *See Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992).

Sheriff Berdnik argues that reconsideration is warranted here based on a clear error of law and manifest injustice. Specifically, Sheriff Berdnik argues that the Court's denial of Sheriff Berdnik's motion to dismiss was predicated on a serious misreading of *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). The Court cannot agree.

In *Rode*, a clerk-typist working for the Bureau of Personnel within the Pennsylvania State Police ("PSP") brought a Section 1983 suit alleging that several defendants, including the Governor of the State of Pennsylvania (the "Governor") impermissibly retaliated against Rode based on race and based on the exercise of Rode's First Amendment rights. *Rode*, 845 F.2d at 1198. Rode had three reasons for believing the Governor personally knew about the alleged retaliation. First, newspaper articles had appeared describing harassment at the PSP. *Id.* at 1208. Second, a legislative resolution had been introduced calling for the investigation of race-based harassment in Rode's department. *Id.* Third, related grievances had been filed with the Governor's office and telephone calls had been placed to the Lieutenant Governor. *Id.* The Third Circuit was not persuaded. It explained:

> [Rode's] allegations are simply insufficient to show that Governor Thornburgh had actual knowledge of Rode's alleged harassment. In a large state employing many thousands of employees, a contrary holding would subject the Governor to potential liability in any case in which an aggrieved employee merely transmitted a complaint to the Governor's office of administration or to the Lieutenant Governor's office.

*Id.*

Sheriff Berdnik argues that under *Rode*, the Court was wrong to allow the Section 1983 claim against Sheriff Berdnik to survive a motion to dismiss.  This argument is unpersuasive.  Unlike in *Rode*, there are allegations here that an Acting Sheriff warned Weston that his political activities would block his promotion by the incoming Sheriff (Sheriff Berdnik), and there are also allegations that this warning came true.  These allegations are a far cry from the allegations in *Rode*.

Next, Sheriff Berdnik makes two principal arguments for why it is implausible under *Twombly* and *Iqbal* to think that Sheriff Berdnik was personally involved in any retaliation against Weston.  First, Sheriff Berdnik argues that it is implausible to infer personal involvement because there are no allegations that Sheriff Berdnik knew about the Acting Sheriff's warning.  Second, Sheriff Berdnik argues that it is implausible to infer personal involvement because there are no allegations that Sheriff Berdnik was in office when the Acting Sheriff's warning was made.  These arguments fail.  Even if Sherrif Berdnik knew nothing about the warning, and even if Sheriff Berdnik was not in office when the warning was sent, the warning suggests that Sheriff Berdnik would do what he ultimately did: refuse to promote Weston.  In its May 20, 2014 decision, the Court found that under *Rode*, *Twombly*, and *Iqbal*, Weston's allegations of personal involvement were plausible.

Ultimately, the Court did not clearly err when the Court correctly decided Sheriff Berdnik's motion to dismiss.  Nor did the Court commit a manifest injustice when the Court correctly decided Sheriff Berdnik's motion to dismiss.  The motion for reconsideration is **DENIED**.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 7, 2014**